NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 11, 2012
Decided August 20, 2012

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-2777

JOZEF MALEWSKI,
    *Petitioner,*

    *v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,
    *Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals.

No. A014-026-003

**O R D E R**

Exercising his discretion, an immigration judge concluded that Jozef Malewski, a native of Poland and a lawful permanent resident of the United States, did not merit adjustment of status. The immigration judge acknowledged that Malewski had lived in the United States since he was ten years old, that his parents, children, and grandchildren live in the United

States, and that he assisted his elderly parents. But the judge also took into account Malewski's extensive criminal record in the United States, which continued even after he was granted a waiver of inadmissibility in 1990 and concluded that the breadth and recency of his convictions counseled against a favorable exercise of discretion. Malewski argues that before making this discretionary decision, the judge should have first determined whether he was eligible for a waiver of inadmissibility. Because an immigration judge does not need to make a threshold statutory eligibility determination when the judge is entitled to deny relief as a matter of discretion, we deny the petition for review.

## I. BACKGROUND

Malewski, a native of Poland, was admitted to the United States in 1963 as a lawful permanent resident. He was arrested at age eighteen in 1971, the first of thirty-three arrests and thirteen convictions he would have in the United States.

The former Immigration and Naturalization Service charged Malewski as deportable in 1983 for committing two crimes of moral turpitude, burglary in 1974 and attempted theft in 1975. Despite these convictions, an immigration judge granted Malewski a waiver in 1990 under former 8 U.S.C. § 1182(c) which allowed him to retain his permanent resident status and remain in the United States. About six months later, Malewski was charged with retail theft and later convicted. He was also convicted of theft in 1994, 1995, and 2007.

The Department of Homeland Security charged Malewski in August 2007 with removability as an alien with an aggravated felony conviction. It later added an additional charge of removability for having convictions for two crimes of moral turpitude. Malewski filed an application to adjust his status, as well as a request for a waiver of inadmissibility under 8 U.S.C. § 1182(h). A hearing took place before an immigration judge. Malewski and other family members testified about the hardship his family would face if he were removed, and Malewski also testified that he had been diagnosed with kleptomania.

The immigration judge found Malewski removable as charged. The judge also concluded that Malewski had not demonstrated that he merited the favorable exercise of discretion in his request for adjustment of status. The Board of Immigration Appeals affirmed the immigration judge's decision, and Malewski petitions this court for review.

## II. ANALYSIS

We lack the jurisdiction to review many agency decisions denying discretionary relief, including an immigration judge's discretionary denial of a request for adjustment of status. *See* 8 U.S.C. § 1252(a)(2)(B)(i) (prohibiting review of decisions made pursuant to 8 U.S.C. § 1255); *Khan v. Mukasey*, 517 F.3d 513, 517 (7th Cir. 2008). We may, however, review constitutional

claims and questions of law that are related to the denial of an application for adjustment of status. 8 U.S.C. § 1252(a)(2)(D); *Wroblewska v. Holder*, 656 F.3d 473, 477 (7th Cir. 2011). Malewski argues that the agency erred as a matter of law when it denied his application for adjustment of status without first ruling on his request for a waiver of inadmissibility. This is a legal question, and we have jurisdiction to review it.

Pursuant to 8 U.S.C. § 1255(a), an alien's status "may be adjusted by the Attorney General, in his discretion," if three conditions are met: (1) the alien applies for adjustment of status, (2) "the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence," and (3) an immigrant visa is available to him at the time of application. So to be eligible for adjustment of status, the applicant must first demonstrate that he is admissible.

With exceptions not relevant here, an alien who has committed a crime involving moral turpitude is inadmissible. 8 U.S.C. § 1182(a)(2)(A)(i). Malewski had prior convictions for crimes of moral turpitude, so he needed a waiver of inadmissibility to remain eligible for adjustment of status consideration. *See Dashto v. I.N.S.*, 59 F.3d 697, 703 (7th Cir. 1995). Because Malewski was the parent of United States children, he was eligible for such a waiver if he established that the "denial of admission would result in extreme hardship" to the children. *See* 8 U.S.C. § 1182(h).

But receiving such a waiver by itself would not have helped Malewski, who would have still needed the immigration judge to exercise his discretion to adjust Malewski's status. *See* 8 U.S.C. § 1255(a). When considering whether to grant an adjustment of status request, an immigration judge "balance[s] the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf to determine whether the granting of . . . relief appears in the best interest of this country." *Jawad v. Holder*, No. 11-3142, 2012 WL 2765124, at *3 (7th Cir. July 10, 2012) (quoting *Matter of Marin*, 16 I & N Dec. 581, 584-85 (BIA 1978)). The immigration judge conducted that balancing here. He stated that adverse factors included Malewski's pattern of criminal conduct for over twenty-five years which had continued even after he received relief from deportation. The immigration judge also considered the economic and emotional hardship that Malewski's parents, children, and grandchildren would face if he were removed. He noted that Malewski's children were emancipated and ultimately concluded that the factors favoring the grant were "substantial but not extraordinary." The immigration judge denied Malewski's request for adjustment of status as a matter of discretion.

We lack jurisdiction to review that discretionary determination. Recognizing that, Malewski maintains that the immigration judge committed legal error by deciding not to adjust his status without first considering whether he should receive a section 1182(h) waiver. We disagree. The Supreme Court considered and rejected a similar argument in *I.N.S. v.*

*Bagamasbad*, 429 U.S. 24 (1976) (per curiam). There, an alien who overstayed her tourist visa applied to have her status adjusted pursuant to 8 U.S.C. § 1255(a), the same provision under which Malewski sought to adjust his status. The immigration judge in *Bagamasbad* denied the petitioner's application as a matter of discretion without first addressing whether she satisfied the statutory requirements for permanent residence. The Supreme Court held that the immigration judge committed no error and wrote:

> As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach. Here, it is conceded that respondent's application would have been properly denied whether or not she satisfied the statutory eligibility requirements. In these circumstances, absent an express statutory requirement, we see no reason to depart from the general rule and require the immigration judge to arrive at purely advisory findings and conclusions as to statutory eligibility.

*I.N.S. v. Bagamasbad*, 429 U.S. 24, 25-26 (1976) (per curiam) (citations omitted).

We said in light of *Bagamasbad* that "where an alien is denied relief as a matter of discretion, the inquiry into statutory eligibility is pretermitted." *Patel v. I.N.S.*, 811 F.2d 377, 380 (7th Cir. 1987); *see also I.N.S. v. Rios-Pineda*, 471 U.S. 444, 449 (1985) (citing *Bagamasbad* and stating, "We have also held that if the Attorney General decides that relief should be denied as a matter of discretion, he need not consider whether the threshold statutory eligibility requirements are met."); *Achacosa-Sanchez v. I.N.S.*, 779 F.2d 1260 (7th Cir. 1985). We reiterated this point more recently, explaining that "when an agency is entitled to deny relief as an exercise of discretion, it is always unnecessary and often inappropriate for a court to discuss the eligibility issue." *Alsagladi v. Gonzales*, 450 F.3d 700, 701 (7th Cir. 2006).

The law is therefore settled that unless a statute provides otherwise, if an immigration judge concludes that relief should be denied as a discretionary matter, the immigration judge does not need to first rule on whether statutory eligibility requirements were met. Here, the immigration judge concluded in his discretion that Malewski did not merit adjustment of status. No statute required an initial determination of whether Malewski would receive a section 1182(h) waiver. The immigration judge made no error in declining to first consider Malewski's eligibility for a waiver, and we have no reason to set aside the agency's determination.

## III. CONCLUSION

The petition for review is DENIED.